**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30261 |
| Plaintiff - Appellee, | D.C. No. 3:03-cr-00064-HZ |
| v. | |
| JACK ROBERT GRAY, III, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Jack Robert Gray, III, appeals from the district court's judgment and challenges the 60-day custodial sentence and 24-month term of supervision imposed upon revocation of supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Gray contends that his sentence is substantively unreasonable in light of the nature of his violation, his personal history, and the facts of the case. The district court did not abuse its discretion in imposing Gray's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Contrary to Gray's contention, the record reflects that the district court was concerned primarily with Gray's breach of trust and the need to deter, rather than with punishing him for using marijuana. *See United States v. Simtob*, 485 F.3d 1058, 1063 (9th Cir. 2007). Moreover, the below-Guidelines 60-day custodial sentence and 24-month term of supervised release are substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**